## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GODOY CARPENTER, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:06-CV-170 TLS |
| WILLIAM WILSON, | ) |
| Respondent. | ) |

### OPINION AND ORDER

Petitioner Godoy Carpenter, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The petitioner is serving a twelve year sentence for his 2005 Lake County convictions for robbery and theft. In his habeas corpus petition, Mr. Carpenter asserts that the trial court failed to weigh mitigating factors, that the plea was misrepresented by the court, that the trial judge abused his discretion in using a letter to enhance his sentence, and that his trial counsel was ineffective**.** The respondent asserts that the petitioner has failed to exhaust his state court remedies on all of these issues. The petitioner has not filed a traverse.

The parties' submissions establish that the trial court sentenced Mr. Carpenter on May 11, 2005. He appealed his conviction and the court of appeals affirmed the conviction on December 12, 2005. Mr. Carpenter sought transfer, which the Indiana Supreme Court denied on February 2, 2006. Mr. Carpenter has not filed a petition for post-conviction relief, and admits in his habeas corpus petition that he has not presented the issue of competence of counsel to the state courts.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner

must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan v. Boerckel*, 526 U.S. 383, 844 (1999).

Generally, a petition for writ of habeas corpus should be dismissed if the petitioner has not exhausted his state court remedies as to all of the claims he seeks to present in his petition. *See Rose v. Lundy,* 455 U.S. 509, 510 (1982). But if dismissal would essentially bar a future habeas case because the statute of limitations would run, the court may stay the habeas petition to provide the petitioner the opportunity to exhaust. *See Freeman v. Page,* 208 F.3d 572, 577 (7th Cir. 2000). It is not necessary to stay this petition because Mr. Carpenter's statute of limitations only began to run on May 3, 2006, and he has until May 3, 2007, within which to file a petition for writ of habeas corpus. If Mr. Carpenter files a petition for post-conviction relief challenging the competence of his counsel, that will stay the running of the statute of limitations until that petition has been fully disposed of by the state courts.

Accordingly, the court will dismiss this petition without prejudice to the petitioner's right to refile these claims after he has exhausted his state court remedies on competence of counsel. When Mr. Carpenter has fully exhausted his state court remedies on the issues he seeks to present in this petition, he may file a petition for writ of habeas corpus raising all of his issues.

For the foregoing reasons, the court the court DENIES this petition without prejudice pursuant to 28 U.S.C. § 2254(b)(1)(A)**.**

SO ORDERED on September 20, 2006.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION